UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUSTIN ROBERT JORDAN,<br><br>    Plaintiff,<br><br>v.<br><br>DAVE TRIESCHMANN,<br><br>    Defendant. | 2:17-cv-00089-SAB<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT**<br><br>**1915(g)** |

BEFORE THE COURT is Plaintiff's Second Amended Complaint, ECF No. 11. He seeks $142,480.00 in monetary damages, claiming he was falsely imprisoned without due process from July 16, 2015, to November 30, 2015. He claims that Defendant Dave Trieschmann, a Chain Coordinator at the Spokane County Jail, did not properly calculate his earned time credit.

Plaintiff states that on July 9, 2015, he received two sentences. He asserts that while Defendant Treischmann gave him full credit for one sentence, he used an incorrect date to calculate the second, making Plaintiff's earned release date February 8, 2016.

Plaintiff alleges that Defendant Treischmann responded to his first Memorandum of Earned Credit on August 5, 2015, but used the same calculation and did not give Plaintiff credit for the dates, December 24, 2013 to July 28, 2014.

**ORDER DISMISSING SECOND AMENDED COMPLAINT -- 1**

In reply, Plaintiff sent a second "Memorandum of Earned Credit" on August 6, 2015, but received no response. Plaintiff presumes that Defendant Treischmann received the second memorandum because it was sent in the same manner as the first, but opines that he neglected to respond.

Plaintiff then waited to send a third memorandum until November 23, 2015. He states at that time the earned credit was given in full and he was released on an emergency basis on November 30, 2015. He contends he was over-incarcerated for 137 days. He claims the failure to give him full credit in the first place or to respond until he presented his third memorandum deprived him of his freedom.

Here, Plaintiff indicates Defendant Treishmann responded to his first memorandum with the same miscalculation initially given. He presumes Defendant Treischmann neglected to respond to his second memorandum. He admits he received an emergency release following his third memorandum in November 2015. Plaintiff's allegations present, at worst, a claim of the negligent proffer of information, or the negligent failure to respond to a second memorandum. Negligence is not actionable under 42 U.S.C. § 1983. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

Although granted the opportunity to do so, Plaintiff did not amend his complaint to state a claim upon which relief may be granted. Therefore, **IT IS ORDERED** the Second Amended Complaint is **DISMISSED with prejudice** under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff is advised to read the statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may

**ORDER DISMISSING SECOND AMENDED COMPLAINT -- 2**

<u>adversely affect his ability to file future claims.</u>

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff at his last known address, and close the file. The Clerk of Court is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Corrections Division. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 28th day of November 2017.



Stanley A. Bastian
United States District Judge

**ORDER DISMISSING SECOND AMENDED COMPLAINT -- 3**